IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTRELL DESHON POLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-514-M |
| | ) | |
| TIM WILKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner challenges his state court conviction and sentence in Case No. CF-2009-2616, District Court of Oklahoma County, State of Oklahoma. The matter has been referred to the undersigned magistrate judge for the preparation and submission of proposed findings and recommendations as to dispositive matters, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).

Respondent has not addressed the merits of the Petition, (ECF No. 1). Rather, Respondent has moved for dismissal, (ECF No. 7), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. § 2244(d). Petitioner has filed a response/reply, (ECF No. 10), and the case is at issue. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

### I. BACKGROUND

Petitioner contends he is entitled to habeas relief because (A) his appellate counsel was ineffective; (B) his trial counsel was ineffective; (C) his "substitute

counsel" was ineffective; and (D) the prosecutor's use of a perjured statement to obtain Petitioner's arrest constituted prosecutorial misconduct. (ECF No. 1).

## II. THE LIMITATIONS PERIOD

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect, significantly amending the habeas corpus statutes. One such amendment imposed a one-year limitation on a state prisoner's right to bring a federal habeas action, generally running from the date the prisoner's conviction became "final," ninety days after a decision rendered upon direct review. The ninety-day period represents the time during which the prisoner could have applied for a writ of certiorari in the United States Supreme Court, assuming the prisoner did not apply for the writ. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes upon the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court). The one-year limitation is tolled, however, during the time a "properly filed" post-conviction proceeding is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Additionally, in appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644-645 (2010).

## III. ANALYSIS

### A. Time Line Including Statutory Tolling

On February 17, 2011, Petitioner was convicted in the Oklahoma County District Court, Case No. CF-2009-2616. (ECF No. 8-1:17). He was sentenced on March 4, 2011.

*Id.* Petitioner timely filed a direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction in Case No. F-2011-173, on May 11, 2012. (ECF No. 8-2). Petitioner's judgment became final on August 9, 2012, the expiration date of the ninety-day period during which Petitioner could have filed for a writ of certiorari to the United States Supreme Court. Petitioner's one-year limitation period began to run on August 10, 2012. Absent statutory or equitable tolling, Petitioner's limitations period would have expired on August 10, 2013.

On June 19, 2013, however, Petitioner filed an application for post-conviction relief in the trial court, (ECF No. 8-3), and statutory tolling was triggered on that date. The trial court denied his application for post-conviction relief on October 9, 2013. (ECF No. 8-4). Petitioner appealed the denial of his post-conviction application, and the OCCA affirmed the trial court's disposition on February 21, 2014. (ECF No. 8-6).

Petitioner's one-year limitations period resumed running on February 22, 2014. The pendency of Petitioner's post-conviction application and appeal tolled the running of his one-year limitations period for 247 days. With the additional 247 days of statutory tolling, Petitioner's one-year limitations period expired on April 13, 2014, but because that date fell on a Sunday, Petitioner had until the next business day, April 14, 2014, to file his petition. Petitioner did not file the instant habeas petition until May 19, 2014. (ECF No. 1). Thus, absent equitable tolling, the petition is time-barred.

### B. Equitable Tolling

In *Holland v. Florida*, the Supreme Court held that AEDPA's statute of limitations was subject to equitable tolling:

> Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases.

*Id.* at 644-645 (citations omitted). This circuit has long recognized that AEDPA's statute of limitations is subject to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling of AEDPA's statute of limitations is available in extraordinary circumstances such as where the petitioner has diligently pursued his claims, but is prevented from timely filing his petition by circumstances beyond his control, or where a constitutional violation has resulted in the conviction of one who is actually innocent).

In his response/reply to Respondent's motion to dismiss, (ECF No. 10), Petitioner merely reargues the issues set forth in his petition and complains that Respondent did not address the "core issues" in his petition. He has not, however, demonstrated that he has diligently pursued his claims, that he was prevented from timely filing his petition by circumstances beyond his control, or that he is actually innocent of the crimes for which he was convicted. Having failed to demonstrate any "extraordinary circumstances," Petitioner is not entitled to equitable tolling. Accordingly, it is recommended that Petitioner's cause be dismissed as untimely.

## RECOMMENDATION

In light of the foregoing, it is recommended that the Respondent's Motion to Dismiss, **(ECF No. 7),** be **GRANTED.**

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 26, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objections to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on January 8, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE